IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF CSAIL 2017-C8 COMMERCIAL MORTGAGE TRUST, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2017-C8 : : : : : : : : : v. : : FT. WASHINGTON HOSPITALITY : PARTNERS, LLC : | CIVIL ACTION NO. 21-301 |

McHUGH, J.                                                                                                                  April 8, 2022

**MEMORANDUM**

Plaintiff Wilmington Trust, in its capacity as trustee for certain mortgage note holders, moves for summary judgment against Defendant Ft. Washington Hospitality Partners LLC in its action seeking the foreclosure of a commercial mortgage. ECF 29. Defendant has filed a response wherein it notified the Court that it would not be filing a memorandum of law in opposition to Plaintiff's motion. ECF 30. Although Defendant has thereby effectively conceded the motion, because this is a motion for summary judgment, before I grant judgment to the Plaintiff, I must still determine that there are no genuine disputes of material fact and that Plaintiff is entitled to judgment as a matter of law. Having considered the record, including the mortgage and note at issue, I am satisfied that there are no material facts in dispute and that Plaintiff is entitled to judgment as a matter of law.

The well-established standard for summary judgment set forth in Fed. R. Civ. P. 56(a) is described by *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Even where the non-movant has not opposed a motion for summary judgment, "the district court must still assess whether the

moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).[1]

"The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." *Bank of Am., N.A. v. Gibson*, 102 A.3d 462, 465 (Pa. Super. 2014); *see also U.S. Bank Nat'l Ass'n v. Chetty Ltd. P'ship,* No. 17-5127, 2018 WL 4300949 (E.D. Pa. Sept. 10, 2018) ("[T]here is no dispute that Defendant has failed to meet its obligations under the Loan Documents. As such, this Court must enter an award of summary judgment in favor of Plaintiff."); *U.S. Bank Nat'l Ass'n v. Spring Garden E., LP*, No. 12-3580, 2013 WL 1285484 (E.D. Pa. March 27, 2013) (awarding summary judgment to lender where borrower "made the required monthly payments of principal and interest of $59,759.90 through December 2011 but has failed to make any payments since that time"); *U.S. Bank Nat'l Ass'n v. Lighthouse Whitehall Commons, LLC*, No. 11-5054, 2012 WL 4473232, at *14 (E.D. Pa. Sept. 28, 2012) (awarding summary judgment in mortgage foreclosure to plaintiff lender "[b]ecause defendant is in default on the Mortgage, defendant has failed to pay interest on the Mortgage, and there is no dispute regarding the recorded amount of the Mortgage").

The facts as recited by the moving Plaintiff and supported by the record are as follows.[2] The commercial mortgage at issue was taken out by the Defendant in May 2017 for $16,660,000

---

[1] The Third Circuit has not issued a precedential opinion on this point, but a panel of the Third Circuit has approvingly quoted *Vermont Teddy Bear Co.* for this standard. *See Sears v. McCoy,* 815 F. App'x 668, 670 n.4 (3d Cir. 2020) ("Sears did not oppose the summary judgment motion, but that does not automatically entitle McCoy to summary judgment.").

[2] Plaintiff's Brief at 3-8 provides a more detailed recounting of the facts with ample citation to the admissible documents in the record.

for the purposes of purchasing and renovating a hotel in Fort Washington, Pennsylvania. *See* Recorded Mortgage, Ex. 1 to Beckman Declaration, ECF 29-3. The promissory note was secured by the mortgage for the hotel and related property. *See* Promissory Note, Ex. P-2 to Winn Deposition, Ex. C to Quaglia Declaration, ECF 29-2. The mortgage and note appear to be properly executed and recorded. The mortgage note was assigned twice, with the Plaintiff representing the final assignee. *See* Documents Related to Assignment, Exs. 2-7 of Beckman Declaration, ECF 29-3. The note requires the borrower to make monthly payments, which include both principal and interest, of $98,170.80, as well as additional reserve payments for taxes, insurance and other identified obligations. Promissory Note ¶ 1.1. Failure to make these monthly payments constitutes a default under the terms of the mortgage and of the note. *Id.* ¶ 1.4. In the event of a default, the note and mortgage provide that all unpaid indebtedness accelerates such that the entirety of the unpaid principal and interest becomes due to the holder of the note. *Id.* Default also triggers additional interest, prepayment, and special fees identified in the agreements. *See* Promissory Note ¶¶ 1.2(c), 1.4; Recorded Mortgage ¶¶ 1.20(b), 4.34.

In April 2020, borrower stopped making its monthly payments as to principal, interest, and the reserve deposits, as conceded by the borrower. Winn Tr. 30:21-31:11, Ex. C to Quiglia Declaration, ECF 29-2. The servicer for the loan sent Defendant a Notice of Default and Intent of Foreclosure dated September 24, 2020. *See* Notice of Default, Ex. P-4 to Winn Dep., Ex. C to Quaglia Decl., ECF 29-2. The Notice of Default provided the Defendant with 10 days to cure the default, which the borrower failed to do. Winn Dep. 41:24-42:17. On December 8, 2020, counsel for the Plaintiff provided Defendant with a Notice of Acceleration, which demanded payment from Defendant for all indebtedness secured by the mortgage and for contractual interest as to any delays

in that payment. *See* Notice of Acceleration, Ex. P-5 to Winn Dep., Ex. C to Quaglia Decl., ECF 29-2. These payments remain outstanding. Winn Dep. 43-17-43:20.

These facts, supported by the record, establish Plaintiff's claims that the mortgage is valid against the Defendant and that Plaintiff is the holder of the note through its assignment. Plaintiff has shown that Defendant has admitted to failing to make the required payments and failing to cure once a notice of default was issued and that Defendant is therefore in default of the mortgage. And Plaintiff has established damages flowing from the default as set forth in the mortgage and note that total $22,671,880.37 through March 6, 2022, plus $4,596.62 every day thereafter of additional recoverable interest.[3] Defendant has not put any of these facts which are supported by the record into dispute, either as to liability or as to damages, and I find that these facts entitle Plaintiff to judgment as a matter of law.

For these reasons, Plaintiff's motion for summary judgment will be granted. An appropriate order follows.

  /s/ Gerald Austin McHugh
United States District Judge

---

[3] Plaintiff has set out a line-item computation of the various fees due upon an accelerated default payment, granted by the mortgage and note as discussed above, that is both established in a declaration of an agent of the Plaintiff who supervises the servicing of the loan and is reflected in a "payoff statement" attached as an exhibit and current through March 6, 2022. Pltf. Br. at 8; Beckman Decl. ¶¶ 8-10; Payoff Statement, Ex. 8 to Beckman Decl. Plaintiff has also set forth that additional interest is recoverable at a rate of $4,596.62 per day after March 6, 2022.

In addition to this daily interest, Plaintiff claims that "other fees, charges and costs recoverable under the Loan Documents, have continued and continue to accrue on the loan." Pltf. Br. at 8. Plaintiff has not identified what these other fees and charges are or the rate at which they accrue. As such, my order will not grant relief to Plaintiff as to these unidentified fees.